JENNIE RACINE, as Administratrix, etc., of TRUMAN RACINE, Deceased, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

*Death resulting from negligence — a verdict for $6,000, when not excessive.*

A verdict for $6,000, rendered in an action to recover damages resulting from the death of the plaintiff's intestate, will not be set aside as excessive where it appears that at the time of his death the intestate was about twenty-one years of age, in good health and was engaged in operating a milk wagon; that he was sober and industrious and left a wife and an infant son.

APPEAL by the defendant, the Erie Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 15th day of January, 1901, upon the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the 15th day of January, 1901, denying the defendant's motion for a new trial made upon the minutes.

*Henry Bacon* [*Joseph Merritt* with him on the brief], for the appellant.

*Thomas Watts*, for the respondent.

PER CURIAM:

The plaintiff is the widow of one Truman Racine, who was killed in a grade-crossing collision by an engine of the defendant while engaged in driving a milk wagon along Washington street, in the city of Middletown. The defendant's answer admitted the formal averments of the complaint, as well as the collision and the subsequent death of plaintiff's intestate; and upon the trial the learned court practically restricted the jury to the question of the manner of operating the train; whether the usual and customary signals were given on approaching the crossing where the accident occurred, in so far as the negligence of the defendant was concerned. Upon this point there was a clear and distinct conflict of evidence, which the jury has resolved in favor of the plaintiff, and with this conclusion this court does not feel justified under the circumstances in interfering. The plaintiff's witnesses were for the most part disinterested; their testimony that the whistle was not sounded on approaching the crossing, and that the bell was not rung, is positive

and direct, and is supported by the surrounding facts; while the witnesses for the defendant are equally direct and positive, and, so far as we are able to judge, equally entitled to be believed. The jury system is designed to determine upon the credibility of witnesses and the weight to be given to their testimony, and this court will not interfere except to prevent a manifest miscarriage of justice.

There was also a conflict of evidence, though not so distinct, upon the question of a lack of contributory negligence on the part of the plaintiff's intestate, and the jury has found this fact, likewise, in favor of the plaintiff. The only other question involved is the amount of the damages. The deceased was about twenty-one years of age, and was at the time of his death in good health and engaged in operating a milk wagon. He was sober and industrious, and had a wife and one child, an infant son. The verdict for $6,000 is not so unreasonable as to force the conviction that the jury strayed from a fair consideration of the evidence, and we conclude, therefore, that the judgment should be affirmed.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.